E-FILED
Monday, 18 June, 2012 04:49:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACKIE HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-2194 |
| ) | |
| TATE & LYLE AMERICAS LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#20) filed by Defendant Tate & Lyle Americas, LLC ("Tate & Lyle"). This court has carefully reviewed Defendant's arguments and supporting documents. Following this careful and thorough review, Defendant's Motion for Summary Judgment (#20) is GRANTED.

**PROCEDURAL BACKGROUND**

On August 31, 2010, Plaintiff, Jackie Hayes, filed his Complaint (#1). Plaintiff's Complaint (#1) alleged that Defendant terminated him: (1) on the basis of his race in violation of 42 U.S.C. § 2000e-2(a); and (2) in retaliation for protected activity in violation of 42 U.S.C. § 2000e-3. On March 2, 2012, Defendant filed a Motion for Summary Judgment (#20). Defendant's Motion listed forty-four undisputed material facts and argued that it was entitled to summary judgment because: (1) Plaintiff was not terminated on the basis of his race, but rather for unacceptable attendance; and (2) Plaintiff was not terminated in retaliation for protected activity, but rather for unacceptable attendance. On March 5, 2012, a Notice (#21) was sent to Plaintiff. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c),. Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

Additionally, a copy of Rule 56 of the Federal Rules of Civil Procedure and a copy of Local Rule 7.1 was attached to the Notice sent to Plaintiff. On March 26, 2012, Plaintiff filed a Motion for Extension of Time to File a Response (#22), which was granted by this court on March 27, 2012. Plaintiff did not file a response by the deadline of April 16, 2012. On April 18, 2012, Defendant filed a Reply (#24) in support of its Motion for Summary Judgment (#20).

Plaintiff, in the two months following the deadline for his response, has still not filed a response or any other document with this court. Defendant provided documentary support for the undisputed facts listed in its Motion for Summary Judgment (#20). Plaintiff has not responded to Defendant's statement of undisputed facts. Therefore, Plaintiff has conceded Defendant's version of the facts. See Waldridge, 24 F.3d at 922; Stoltey v. Brown, 2007 WL 2681198, at *4 (C.D. Ill. 2007), aff'd 283 Fed. Appx. 402 (7th Cir. 2008); Columbia

Pictures, Indus., Inc. v. Landa, 974 F. Supp. 1, 3-4 (C.D. Ill. 1997). Even though Plaintiff did not respond to Defendant's Motion for Summary Judgment (#20), this court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); Stoltey, 2007 WL 2681198, at *4.

## FACTS[1]

Plaintiff was employed by Defendant as a Helpdesk Specialist at its corporate office in Decatur, Illinois, from May 29, 2001 until May 28, 2008. On May 24, 2004, Plaintiff filed a charge of discrimination against Defendant—the facts relating to this charge are unrelated to the remaining events in this case, with the exception of constituting the protected activity which Plaintiff alleges led to retaliation in the form of his termination in 2008.

Defendant considers attendance to be crucial to the success of its Helpdesk function. In late 2006, Defendant's Manager of IT Governance, Timothy J. Luallen ("Luallen") became concerned about the attendance of his Helpdesk staff. Luallen directed Jim Slade ("Slade"), the Helpdesk supervisor, to monitor attendance issues for all Helpdesk staff. Slade complied with this request and provided regular records of attendance to Luallen during 2007 and 2008. Slade reported to Luallen that Plaintiff missed his shift on June 20, 2007, and failed to advise him that he would be absent. As a result, Luallen sent Plaintiff an email on June 22, 2007, explaining that Plaintiff's conduct was unacceptable and that future violations

---

[1] The facts are taken from Defendants' statement of undisputed facts, which have not been contradicted by Plaintiff. This court has only included facts which are adequately supported by evidence in the record.

3

of attendance expectations would potentially subject him to termination of employment.[2] In July 2007, Luallen met with all Helpdesk staff to discuss attendance expectations and the need to improve attendance. In September 2007, Luallen reminded all Helpdesk staff that personal appointments should not interfere with work obligations.

On January 10, 2008, Luallen informed Plaintiff that he needed to make immediate improvement with his attendance, explaining to Plaintiff that he had approximately 18 absence issues over the past two months. On January 20, 2008, Vice-President of Human Resources, Mary Matiya, reminded Plaintiff that continued attendance violations would potentially result in termination. From February 19, 2008 until April 21, 2008, Plaintiff was on approved Family Medical Leave Act ("FMLA") leave. During the first four months of 2008, Plaintiff had over four times the number of attendance related issues than any other Helpdesk staff.[3] On May 3, 2008, and May 4, 2008, Plaintiff failed to show up to work. On May 5, 2008, Luallen suspended Plaintiff for his failure to work on the previous two days. Thereafter, Luallen discussed Plaintiff's situation with Jennifer DiMauro ("DiMauro"), Defendant's Director of Talent Management. Luallen and DiMauro decided to terminate Plaintiff's employment based on his ongoing attendance problems.[4] On May 23, 2008, Defendant sent Plaintiff a letter informing him that his employment had been terminated

---

[2]Slade and Luallen also warned at least one other Caucasian Helpdesk employee, who missed a shift and failed to inform his supervisor, of potential repercussions for future violations.

[3]Plaintiff's excused absences pursuant to FMLA leave were not considered.

[4]Luallen and DiMauro both explained, in signed declarations, that they did not consider Plaintiff's race or any prior protected activity in their decision to terminate Plaintiff's employment.

4

because of his pattern of unexcused absences, tardiness, early departures and his failure to show up to work on May 3, 2008, and May 4, 2008.

After his termination on May 23, 2008, Plaintiff filed a charge of race discrimination against Defendant on November 10, 2008, and a charge of retaliation against Defendant on November 12, 2008. On October 29, 2009, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy with the United States Bankruptcy Court for the Central District of Illinois ("Bankruptcy Court"). Plaintiff signed the petition and admittedly did not disclose his pending charges of discrimination and retaliation against Defendant. Plaintiff received a discharge from his debts and never informed the Bankruptcy Court that he had charges pending against Defendant. On June 3, 2010, Plaintiff received his Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on June 3, 2010. On April 19, 2011, Plaintiff received a letter from Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure requesting that Plaintiff dismiss his case due to Bankruptcy preemption issues. Plaintiff did not dismiss his complaint pursuant to this request.

## ANALYSIS

### I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial."

Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation, however, is not the source of a reasonable inference. See Burwell, 213 F. Supp. 2d at 929 (citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998)).

Therefore, the nonmoving party cannot rest on mere allegations or denials to overcome a motion for summary judgment; "instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007), citing Celotex Corp., 477 U.S. at 322-23. Conclusory allegations not supported by the record are not enough to withstand summary judgment. Basith v. Cook Cnty., 241 F.3d 919, 928 (7th Cir. 2001).

## II. Count I—Race Discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove race discrimination under the direct method or the indirect method. Coleman v. Donahoe, 667 F.3d 835, 845 (7th Cir. 2012). "Under the direct method, the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." Id. Under the indirect method, first, in order to establish a prima facie case of discrimination, the plaintiff must offer evidence that: (1) he is a member of a protected class; (2) his job performance met the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) another similarly situated individual, who is not a member of the protected class, was treated more favorably than the plaintiff. Id. If the plaintiff is able to establish the *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. Finally, if an employer offers a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the employer's stated reason is pretextual. Id.

The undisputed material facts provided by Defendant establish that Plaintiff's race discrimination claim fails. Specifically, the undisputed evidence demonstrates that Plaintiff was fired because of his ongoing attendance problems. Additionally, no evidence has been offered that would support a finding that race was a factor in the decision made by Defendant to terminate Plaintiff's employment. Therefore, based on these undisputed facts, Plaintiff's race discrimination claim would fail under the direct or indirect method. Specifically, the direct method requires direct or circumstantial evidence that Plaintiff's termination was based

7

on his race. Clearly, Plaintiff has failed to offer any such evidence. Under the indirect method, Plaintiff would be unable to meet the *prima facie* case because it is undisputed that Plaintiff was not meeting his legitimate performance expectations based on unacceptable attendance problems.[5] Therefore, Plaintiff has failed to prove race discrimination under the direct method or the indirect method.

### III. Count II—Retaliation

Employers are prohibited from retaliating against an employee for complaining about discrimination that violates Title VII. 42 U.S.C. § 2000e-3(a). A *prima facie* case of retaliation may be satisfied using either the direct method or indirect method. Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). Under the direct method, an employee must demonstrate that: "(1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) a causal connection exists between the two." Id. "Under the indirect method, the first two elements remain the same, but instead of proving a direct causal link, the plaintiff must show that he was performing his job satisfactorily and that he was treated less favorably than a similarly situated employee who did not complain of discrimination." Id. at 786-87.

The undisputed material facts demonstrate that Plaintiff is unable to satisfy a *prima facie* case of retaliation under either the direct method or indirect method. First, Plaintiff has offered no evidence of a causal connection between his protected activity in 2004 and his

---

[5]Additionally, Plaintiff: (1) fails to offer evidence of any similarly situated individual outside his protected class that was treated more favorably; and (2) fails to offer any evidence that Defendant's stated justification for terminating Plaintiff's employment was pretextual.

8

subsequent termination in 2008. As a result, Plaintiff fails to establish the *prima facie* case under the direct method. Second, Plaintiff has: (1) failed to demonstrate that he was performing his job satisfactorily because of his attendance issues; and (2) failed to demonstrate that he was treated less favorably than a similarly situated employees who did not complain of discrimination. Consequently, Plaintiff fails to establish the *prima facie* case under the indirect method. Therefore, Plaintiff has failed to prove retaliation under the direct method or the indirect method.

### IV. Judicial Estoppel

"[A] debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim cannot realize on that concealed asset after the bankruptcy ends." Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). In this case, it is undisputed that Plaintiff filed claims of discrimination with the EEOC against Defendant in November 2008. In October 2009, while his discrimination claims were pending, Plaintiff undisputedly filed a Chapter 7 bankruptcy petition asserting that he did not have any valuable legal claims. This assertion by Plaintiff was accepted by the bankruptcy court and Plaintiff's debts were discharged on February 5, 2010. Under Seventh Circuit precedent, Plaintiff's claims, in addition to failing on the merits, also are blocked by judicial estoppel which prevents Plaintiff's attempt to realize on claims against Defendant for personal benefit. Id. at 449.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#20) is GRANTED.

(2) The clerk of the court is directed to enter judgment in favor of the Defendant, Tate

9

& Lyle Americas LLC, and against the Plaintiff, Jackie Hayes, pursuant to Federal Rules of Civil Procedure 56.

 (3) This case is terminated.

ENTERED this 18th day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE